Good morning everyone. The argued case this morning is No. 13-7097, Mr. Grover Martin v. Gibson. Ms. Jones. May it please the Court. The Veterans Court erred in this case by relying on an interpretation of Section 3011 that categorically characterized all discharge for alcohol rehabilitation failure as willful misconduct. Ms. Jones, I don't want to interrupt your train of thought, but have you given any thought to the relationship between the ongoing case of which you sent us an interim summary and what's happening here? Yes, Your Honor, the District Attorney's regional office in Montgomery are highly relevant to this case because they're investigating whether Mr. Martin suffers from a psychiatric disorder and whether that disorder occurred during service. Those sorts of facts are the sorts of facts that would be relevant to a factual determination about whether his rehabilitation failure may have been not willful. So those are the sort of facts that would have been important had the Board made a factual finding here, but it did not. Instead, it concluded categorically that as a matter of law, rehabilitation failure is willful misconduct. And that interpretation is incorrect. Would it also enable your client an opportunity to re-file for a change for the grounds on which he was discharged? Possibly, Your Honor. Mr. Martin has filed in the past. That's the real hookup, the problem with him in getting the educational benefits he wants, isn't it? The grounds, the standing grounds for discharge. That's right, the reason for the discharge and whether that qualifies within the statute. Mr. Martin has in the past applied for a change to a medical discharge. But if he were to apply to say, well, if a determination was made that he had a psychiatric disorder that was obtained during service, there might be an opportunity for him to change the grounds upon which he was discharged. That's right, the grips that the government's grasped right now over your client, right? Yes, Your Honor, absolutely. We believe that a remand would be important to, for including that evidence and possibly giving him time to re-file for a change of the reason for his discharge. But on your position, if for whatever reason it goes against what he's requesting in the current procedure for the regional office, would that affect what you're asking for today? No, Your Honor, it would certainly be helpful if in the regional office they discover evidence of a service connection with his psychiatric disorders. But even if they don't, we think alcohol rehabilitation failure is not always willful misconduct. And that was the basis of the Veterans Courts ruling here, requires reversal. The amicus and the government appear to agree that rehabilitation failure sometimes, maybe, but it's not always the result of willful misconduct. Or maybe it's better to say that rehabilitation failure can result from this willful misconduct. I mean, as I understand the phrase, despite its natural meaning, willful misconduct, there are three requirements. A, there has to be conduct. B, it has to be misconduct. And C, it has to come with a certain state of mind. Rehabilitation failure all by itself refers just to a state of affairs. He did not get to the point at which he no longer had the problematic condition. It doesn't say anything at all, all by itself, about conduct, does it? That's right, Your Honor. The question would be, and a factual finding would be, why he failed at rehabilitation. What conduct or misconduct did he engage in that caused him to fail at rehabilitation? The Army regulations indicate, for example, that an individual can be a rehabilitation failure because he's unable to overcome his addiction or because even he needs inpatient treatment that he cannot receive in the Army. So he's discharged for rehabilitation failure. Those sorts of situations don't involve misconduct, or even if drinking is misconduct, it's certainly not willful in those circumstances. An inability to overcome an addiction is not a willful misconduct. And that's why there can't be this sort of bright-line rule that the Board and the Veterans Court adopted here, calling all rehabilitation failure the result of willful misconduct. Now, that's not to say that a discharge for rehabilitation failure could never be the result of willful misconduct. Certainly, if a soldier's superior orders him to enroll in the rehabilitation program, and his response is that he understands he has an alcohol abuse problem, but he would just simply rather spend his free time playing video games than going to rehabilitation. He has no interest in those counseling classes. He refuses to go to any of them. My understanding of your position is that there are two mistakes here, two errors. The first error is one of interpreting irrelevant statute. As you pointed out, your view is that the statute should be registering that failure of alcohol rehabilitation may or may not be willful, depending on the circumstances. That's the interpretation of the law. You're also asking for a remand for a fact-finding. So there are all kinds of errors in life. There's discretionary error, factual error, legal error. What kind of error is it that there wasn't this factual error? It was a legal error, Your Honor, because the Veterans Court, or the board before it, decided that it could decide this question without looking at the facts, that as a matter of law, just looking at the statute, the court could determine that this was willful misconduct. I'm sorry, you said the Veterans Court said that? The board? The board, Your Honor, yes. The Veterans Court's opinion is a little bit different. The board said that and the Veterans Court affirmed that premise. That's right. So it's a legal error that we're asking the court to review here. The board even stated on the appendix at page 12, I believe it is, that there was no need for the VA to notify and assist Mr. Martin in substantiating his claims because the board did not need any evidence to decide this question. So it's clear that the board made its decision as a matter of law, therefore it's a legal error that we're asking the court to review. A legal error as a matter of statutory interpretation, is that your position? Yes, Your Honor. Yes, Your Honor, because the board was necessarily interpreting what willful misconduct means and its premise was that it is always, rehabilitation failure is always willful misconduct within the meaning of 3011. The board appeared to rely on disability compensation statutes for that premise, but as explained in our brief, that's... You thought they relied on the statutory change and on the theory that by adjusting the statute, as Congress did, that they intended to include as willful misconduct, conduct such as here. The board did cite to the disability compensation statutes, which do include, I believe what Your Honor is referencing, that they intended those statutes to include the results of alcohol abuse. But importantly here, the education benefit statute does not include that language. It only says that the conduct cannot be the result of willful misconduct. It does not include that extra or abuse of alcohol. That's a very important distinction here, because not all abuse of alcohol is willful misconduct, and here the question of course is rehabilitation failure, which may or may not be the result of abuse of alcohol, but certainly is not in all cases the result of willful misconduct, which is the question. What are we to make of that sort of change in law after Treanor, Casey's site, Supreme Court case, which deals with the question of whether or not you're going to cut any slack if a veteran is an alcoholic for purposes of applying with a limiting period? My understanding is that Congress said, well, for purposes of a veteran who gets into a rehab program but then flunks out because of alcoholism or a problem, that they're measuring their delimiting time period for when they can enjoy their benefits is stopped, if you will, because of the alcoholism. As they said, alcoholism is not willful misconduct for that purpose. But they didn't say that alcohol abuse is not willful misconduct for purposes of getting into the program. Your Honor is correct that Congress did respond to Treanor rather quickly by amending the statute to say that alcoholism is not willful misconduct for purposes of the delimiting statute. Congress trained its response to the court's decision. Congress was not approached with the question of whether all the rehabilitations, all the statutes that have to do with willful misconduct should have this change. They just addressed their change to what the court had decided. But that's not to say that... Your indication, Treanor, really led me to believe that you were going to ask and say to us, look, what happens if you're ruled the wrong way? It's certainly an indication that Congress does not believe that alcoholism is always willful misconduct. They've carved it out at least in that circumstance. Now failure to rehabilitate is always willful misconduct. And as we've said, sometimes failure to rehabilitate can be the result of actions that are willful. But often, as the Army's regulations acknowledge, it can be the result of inability or negligence, which does not arise to the level of deliberate or intentional wrongdoing with knowledge or with procedural... I don't like procedural characterizations. The following question. The government rests heavily at the beginning of its brief on the contention that... The usual contention. We don't have jurisdiction because there's not a legal issue. And it says that because it reads the Veterans Court as having characterized the board's decision as a factual ruling rather than a legal ruling. Is the question of the proper characterization of the board's decision a legal question or something other than a legal question? It does not matter which label the Veterans Court places on what the board did. What matters is what actually occurred. We think here it's clear from the board's... I understand in a number of contexts where a court of appeals has the ability to review legal matters and factual matters. Some factual matters are so clear that they get reversed. We're not really in that position where we actually don't have jurisdiction to review factual questions or the application of law to fact. So we don't get to say, well, this is at some extreme end of error on a factual question. And hence my question about whether the characterization by the Veterans Court of the board decision is itself a legal characterization or something other than that. The Veterans Court's characterization is not what's being challenged here. And to be clear, we agree with the Veterans Court that the question of willful misconduct is a factual question. The problem is that the board didn't treat it as such. Now, before the Veterans Court, Mr. Martin did argue that he was discharged for another reason, not for alcohol rehabilitation failure, but for physical disability. The Veterans Court agreed that that is a factual question. But then its affirmance necessarily relied on the premise accepted by the board that because he was discharged for rehabilitation failure, therefore, as a legal matter, he was discharged for willful misconduct. And it's that legal premise that underlied the board's decision and the Veterans Court's affirmance that we're challenging here. And this court has jurisdiction to review legal interpretations that are the premise of a Veterans Court decision, even if those interpretations were not disputed before the Veterans Court. The question that Judge Marant was asking was if a court such as the Veterans Appeals Court interprets the BVA opinion to have said something, is that interpretation, and we looked at it, were they making a legal determination or a factual determination? It seemed to me that if a court said, well, I think the district court interpreted this, I'm interpreting their opinion, it's almost like interpreting a contract or something else. It's going to be a legal exercise. Yes, Your Honor. The Veterans Court does not make its own factual findings in these cases. It only reviews factual findings and makes its own legal conclusions. So to the extent that the Veterans Court is characterizing what the board did and drawing conclusions on that, those are always legal conclusions. They're not new factual findings about what happened in the board. And for that reason, this court clearly has jurisdiction over the question here. And as the government seems to agree, this categorical ruling that's being challenged is in error because rehabilitation failure is not always willful misconduct. The court has no further questions. I'll take the balance of my time. Okay. Thank you, Ms. Jones. Good morning, Your Honor. Please, the court. This appeal should be dismissed for lack of jurisdiction because there's been no legal error in the Veterans Court's decision identified. To the extent this appeal presents any question of law, it would be whether alcohol abuse or alcohol rehabilitation failure could constitute willful misconduct. And both sides agree that it can. So for that reason, the Veterans Court... So the correct interpretation of the statute would be that the failure of alcohol rehabilitation may or may not be willful misconduct. Correct. And then given the... How do you know, in a given case, Clevenger funks out of alcohol rehabilitation, how do you know whether I funked out willfully or whether I funked out knowingly? Well, in this particular case, the record suggested that Mr. Martin was disenrolled from the program for lack of motivation of abstinence and change of behavior to maintain sobriety. So that suggests some... Can I just ask, I mean, lack of motivation is not conduct. It's an attribution of a state of mind. Well, it suggests some intent. Right, I'm not even at the intent point yet. Lack of motivation says something about the man's state of mind. It doesn't say one word yet about what conduct that attribution is to misconduct. Let me back up and suggest that the conduct is alcohol abuse, continuing to use alcohol after he's been admitted to this program. That's listed in the Army Regulation at page 10 of your brief as a separate factor to consider from the one recited, namely lack of motivation. Continued, what's the right word? Continued further incidence of alcohol or drug abuse. That's item number two. Item number three is motivation to overcome alcohol abuse problems. And it's the motivation one that you, I guess at supplemental appendix six, you have some of the earlier documents. But in any event, motivation is not itself conduct and it is indeed listed as something distinct from further alcohol abuse in the Army Regulation. I would suggest that the lack of motivation to progress in an alcohol rehabilitation program suggests that there's a choice being made there, that there's an intent and willfulness that would certainly play into that. I don't presume the individual is not capable of making a choice. Well, if the individual is... If a psychiatrist or a skilled person in the healing arts comes in and says this person isn't capable of making a choice, if you put a glass of alcohol in front of this person, they cannot, they do not have the capacity to choose or not to choose to drink it. So that's evidence I'm going to put on you. Okay, so in that instance, are you certain that this individual willfully is unmotivated pertaining to abstinence? I think that would certainly present a more difficult question, Your Honor, but that's an issue... How would you resolve that question? Well, that's... To begin with, that would be a question that's resolved in the first instance by the military service itself and what can be done for this individual, whether it's further inpatient treatment or something like that, and maybe that would be... That might change the character of their discharge, but that would be something that's addressed in the first instance before the individual is discharged. I think it's important to note that this individual is not discharged for being an alcoholic. They're discharged for alcohol abuse failure to rehabilitate it, and there's, I think, a significant difference there. Certainly people can be alcoholics and control their alcoholism and be successful members of the military. This is not the case here. Can you just clarify something? I think you explained, and I think the documents support this, that the initial discharge was for alcohol abuse dash... Period, I think. Yeah. No, no, no, no. I thought there was a sort of dash rehabilitation failure. It's virtually illegible, but... Whatever. A18. And then there was a corrected discharge which didn't any longer talk about alcohol abuse but simply says alcohol rehabilitation failure. I had the same question myself, Your Honor. I'm not clear from the record. If I had guessed, and I'm guessing here, he may have gone back to the Board for Correctional Military Records to get that revised, but that's just my supposition as to why that was changed. The record isn't there. Page 181. I got the record from down below. Alcohol rehabilitation failure, comma, nothing follows. That's the last of the iterations. September 9th, 1994, page 181 of the record below. I think... Says what? Okay. I apologize. So what is your view? Again, what we're talking about could very well be a subject matter of the ongoing review in the regional offices. Could it not? Is your theory that there's no relationship because the remedies are different or that the facts are different? I'm not suggesting that there's no connection. I think what would happen is if Mr. Martin were to prevail on his service connection claim and find that there's a service-connected psychiatric disability that may be related to his alcohol abuse, I think... Yes, assume he prevailed on that. Assume he prevailed. How does that affect it? I think what he would have to do is go back to the Board for Correctional Military Records and request that the character of his discharge be changed to medical, at which point he could refile for educational benefits. And I think that would be a different case if he had a medical discharge for something that... For a psychiatric disability, I think that would be probably a different case. So we have another decade of proceedings thereafter that there's no relationship, no way of resolving? What's already a disgracefully long-standing proceeding? What I would suggest... Well, I think that what... The Secretary is limited by statute to considering why did the military discharge Mr. Martin? And it is bound in some large sense by why... Now, what statute prevents the Secretary from combining or consolidating and reviewing and resolving the issues concerning this veteran? Well, there are two different programs under two different statutes. So the eligibility for educational benefits under the GI Bill is a separate determination than an eligibility for... I'm not sure, Your Honor. Can I just follow up on one thing? You said that in order for a decision in the disability benefits proceeding that was favorable to Mr. Martin to have a beneficial effect for him in the current proceeding, I think you said that he would have to go back to the Board of Corrections and get the reason changed. And I guess I wonder why... While that might be one way he could get the benefit, why is that the only way? And what I'm thinking of is that if indeed there is a case-specific factual inquiry into what conduct and with what intent led to the rehabilitation failure, that a finding in the other proceeding that he had a psychiatric problem that may, in particular under the 1964 opinion, administrator's opinion, but in any event, that he had a psychiatric problem that contributed to or led to or caused the, let's assume, continuing drinking that I will assume underlies the rehabilitation failure. Why wouldn't that be enough to lead, without a change of reason in the Board of Correction, to a favorable decision on the educational benefit claim here? Sorry, that was a long question. No, I understood the court's question. If you have to look at the underlying reason and figure out, just focusing for a moment on the willfulness issue, why wouldn't at least a certain kind of finding about psychiatric problem allow or even compel a finding of non-willfulness? We go back to the statute, 3011, and it really focuses on why was he discharged. Was he discharged for a physical or mental condition not characterized as a disability and did not result from the individual's own willful misconduct, but did interfere with the individual's performance of duty? That strikes me as a determination that is for the military service to make and for the secretary to consider. I may have not heard you fully, so I think you early on said that the parties agree that certain conduct underlying a rehabilitation failure can be willful misconduct. I'm not sure I heard you say, must rehabilitation failure constitute willful misconduct, or to put it another way, can rehabilitation failure or alcohol dependence or alcohol abuse even not constitute willful misconduct? Or is it your position that at least the drinking part always constitutes willful misconduct? What we have to look to is the guidance from the disability statutes in which the secretary has recognized the general rule is that alcohol abuse does constitute willful misconduct, and the narrow exception to that is where the alcohol abuse is secondary to a primary psychiatric disability that is service-connected. Except in the circumstance of 38 CFR 21-7-5-1, which extends the time, the delimiting time, correct? Correct. What they expressly say there is that the veteran has made an application for, but hasn't yet started his educational benefits, who is in the middle of his educational benefits, and he drops out because he's a chronic alcoholic. Intentionally chronic alcoholic shall not be considered willful misconduct or preserving the 10-year time period in which he can enjoy his benefits, right? And maybe an important distinction there is the reasons for both of those. So we can sort of understand that. Why do you agree that if a veteran is lucky enough to apply for educational benefits and be accepted, like you start tomorrow, right? So he applies for his acceptance. If he falls into chronic alcoholism the minute after he's accepted, the Congress has said that chronic alcoholism is not willful misconduct ever, ever. Right. Well, I'm going to make two points. Am I correct? I don't have that statute in front of me, but the regulation. That's as a result of the Supreme Court case. So if alcoholism, actual alcoholism, can't be willful misconduct at time one, once you've been formally admitted to the prison, why should it be willful misconduct before you get out? So I would have two responses to the court's question. I think the first, again, is we're making a distinction between alcoholism and alcohol abuse. And, again, Mr. Martin is not. The worst case is pure alcoholism because, as you said, alcoholism generally is going to deny you benefits. Alcoholism generally is going to be considered willful misconduct. Alcohol abuse, Your Honor. I'm sorry. I'll often say, well, I mean, probably somebody's a polymeric alcoholic is going to be called alcohol abuse, right? Certainly, but on the same token. My point is, it just struck me as odd that you have a situation where a veteran manages to apply for his 10 years of educational benefits, but falls into, for one reason or another, willfully falls into alcoholism. The law says that's not willful misconduct. Why should it be willful misconduct when you apply to nurse school? I think one of the reasons to look at is the reason for the GI Bill in the first place, which was to provide educational benefits to those who volunteer for military service and who complete their terms of service. So, generally speaking, if you have a three-year term of service and you complete that three-year term of service, Congress has decided that there are some educational assistance that will be provided to you, and there are very narrow exceptions if you don't complete your term of voluntary service. If you have a service-connected disability, and this particular exception for being discharged for a medical or physical condition that's not the result of willful misconduct. It makes sense that an individual who doesn't complete their term of service because they abuse alcohol and aren't able to do their job in service because alcohol is interfering with that, and who has the opportunity to change their behavior through an alcohol rehabilitation program, is an individual that Congress didn't intend to provide educational benefits for in the same way that someone who is able to complete their military service. So I think that's the distinction, I think, between that and someone who is able to complete their voluntary term of service, but who has a medical condition later on that prevents them from using their benefits in a timely manner. And if the Court has no further questions. Any more questions? Thank you. Thank you, Your Honor. Ms. Jones? Your Honor, I see I have one minute, so I will be brief. Three minutes. Thank you, Your Honor. Can I ask you a quick question? Absolutely. Can you show me, in the August 1964 administration number 988 opinion, do you think that that says, and is so rare, that a person who has the condition of having alcohol dependence and drinks out of a sense of can't stop, just compulsion, is or is not, that drink is or is not willful misconduct? The administrator's decision does not categorically say that that person, addicted person's drinking, is or is not willful misconduct. It does categorically say that when a person drinks because of another mental disorder, then their misconduct may occur because of their drinking. Putting aside the underlying psychiatric cause, about which I know that is a point on which you and the government are in agreement, but you drink a little bit over a long time, you develop alcohol dependence, and then you can't stop, and then you act on the inability to stop. Does this indicate whether the acting on the inability to stop is always, is never, whatever willful misconduct? No, Your Honor. The administrator's decision, and I think this goes to your point, correct me if I'm wrong, the administrator's decision focuses only on the effects of the conduct, so drunk driving, for instance, or the long-term effects of cirrhosis of the liver. The administrator's decision does not directly address alcoholism itself and whether simply drinking because of alcoholism is willful misconduct. It only addresses the result of behaviors that one then takes afterwards. Certainly, reasoning from that opinion, as we've done in our brief, can infer that alcoholism that comes on because of something that's not willful misconduct may be a secondary effect along the lines of the administrator's decision. The government has affirmed in this oral argument that it is conceding that the board's categorical ruling was an error because alcohol rehabilitation failure is not always willful misconduct. That's enough of a ground to reverse here, and I would point out that the factual record was undeveloped below, and it was underdeveloped because the board ruled that Mr. Martin didn't have the opportunity to develop the record because the board could rule as a matter of law. This case needs factual development. As Your Honors have pointed out, the proceedings before the Montgomery Regional Office might be highly pertinent to these proceedings precisely because of Judge Taranto's point that the evidence that Mr. Martin's rehabilitation failure was influenced or caused by a psychiatric disorder would certainly indicate that his rehabilitation failure was not the result of willful misconduct. But might that take him out of the other precondition of not being caused by a disability? That is a good question, Your Honor, and that's something that the board should address below. Here, the board did not address the other factors of this category, of this exception, and whether his psychiatric disorder was considered a disability or merely a physical or mental condition, which is the language of this exception, would be up to the board to decide in that circumstance. As Judge Newman pointed out, Mr. Martin could seek correction of his military records to reflect that condition, but that would result in a prolonged proceeding. Do you agree that if we agree with your position and accept the government's concession that at least it's not always willful misconduct, that this is the necessary next step for Mr. Martin to go back and have his military records corrected by the board? It's not a necessary next step. It's certainly an option. What are the other options? We argue that Mr. Martin could prove that his rehabilitation failure was not the result of willful misconduct, even without having to change his records to show that he was discharged for some other reason. It could be correct that he was discharged for rehabilitation failure, and yet that failure could be the result of something other than willful misconduct, such as a psychiatric disorder or addiction and mere inability to overcome that. There would need to be factual development of that sort. The issue of psychiatric disorder is being reviewed in the regional office, is it not? Yes, that's being reviewed in the Montgomery regional office. The education benefits question, I believe, arose out of the Atlanta office, but there's no reason that cannot be transferred. His psychiatric disorder proceedings were actually recently transferred to Montgomery. It had previously been elsewhere. The ongoing investigation in Montgomery, Alabama is potentially sort of a two-edged sword for you, because if it turns out that your client has a psychiatric disability that's enormously severe, that means that his discharge would have been for that condition. That might adversely impact half of the equation for the eligibility, right? His psychiatric condition is relevant, but it by no means doesn't prove why he was discharged. That's exactly what the nature of the... He's lying with the inability to abstain from alcohol, whereas it also might be such a severe case that he couldn't have been retained in the military and would have had to be thrown out for that reason. That's true, Your Honor. But, of course, what matters in this proceeding is what the Army said it was discharging him for. Now, I realize that could be changed. He could seek a correction, but currently we're working on the stated reason that the Army gave for his discharge. Any more questions? No. Any more questions? Okay. Thank you. Thank you, Ms. Jones. Ms. Hilton, the case is taken under submission. All rise.